UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Johan C.A.,

        Petitioner,

v.

Pamela Bondi, et al.,

        Respondents.

**ORDER TRANSFERRING CASE**

Civil File No. 26-01422
(MJD/EMB)

Samuel Verner, Zimmer Law Group, Counsel for Petitioner.

David W. Fuller, Jesus Cruz Rodriguez, Assistant United States Attorneys, Counsel for Respondents.

Petitioner Johan C.A., a citizen of Ecuador, was detained on February 5, 2026. [Doc. 1 ¶¶ 14, 17.] On February 13, he filed a petition for writ of habeas corpus seeking release or, in the alternative, a bond hearing. [Id. ¶ 1.] Petitioner also sought an order from the Court enjoining Respondents from removing Petitioner from Minnesota during the pendency of the proceedings. [Id.] Petitioner explained that he has a pending asylum application with no final order of removal that requires check-ins with ICE. [Id. ¶ 15.] According to the petition,

1

Petitioner was detained without a warrant when he appeared for his yearly parole check in. [Id. ¶ 17.]

In response to this Court's Order to Show Cause, Respondents assert that the Court lacks jurisdiction over this matter because Petitioner was detained in Texas and remains confined there. [Doc. 5.] The Respondents also provide a copy of the I-213 Form that lists Petitioner's location of arrest as San Antonio, Texas as well as the date of arrest as February 5, 2026. [Doc. 5-2.] Petitioner did not file a response to the Respondents' assertions, and this Court has no reason to question its accuracy.

As a preliminary matter, jurisdiction for a habeas petition challenging physical confinement typically lies solely in the location where the petitioner is then-presently detained. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute…confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). This rule is largely referred to as the "district of confinement rule." [Id. at 444.]

The district of confinement rule is not absolute, but its exceptions are limited. For instance, there is an exception for circumstances where a petitioner,

2

at the time their petition is filed, "is held in an undisclosed location by an unknown custodian." Padilla, 542 U.S. at 450 n.18; see Ozturk v. Hyde, 136 F.4th 382, 392 (2d Cir. 2025) (quoting Padilla).

Although recent immigration enforcement actions in Minnesota have rendered the limited, unknown location exception to traditional habeas jurisdiction a necessary jurisdictional avenue, the exception does not apply to Petitioner's case. Petitioner was detained in Texas and remains there to this day. Further, Petitioner does not raise any other valid factors for the Court to consider, relying solely on the fact that Petitioner has "extensive ties to Minnesota." [Doc. ¶ 6.] As such, the Court finds that the Petitioner is merely challenging his legal confinement in Texas, and that his case falls squarely within the rule contained in Padilla.

Despite no party moving for transfer, this Court can consider transfer sua sponte. See 28 U.S.C. § 1404 (a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). The Court will therefore order that this action be transferred to the Western District of Texas.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that this matter is TRANSFERRED to the United States District Court for the Western District of Texas.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 19, 2026	s/Michael J. Davis
	Michael J. Davis
	United States District Court